IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | Case No. 3:10-cr-00260-8 |
| v. | ) | William J. Haynes |
| | ) | Federal District Judge |
| | ) | |
| FADUMO MOHAMED FARAH. | ) | |

_____

MOTION IN LIMINE TO EXCLUDE ANY REFERENCE TO RESULTS OF POLYGRAPH
EXAMINATION
_____

Comes now the accused, through her appointed Counsel, and would move this Honorable Court, pursuant to Rules 401, 402 and 403 of the Federal Rules of Evidence, to issue an order prohibiting the Government from mentioning and/or eliciting testimony from any witness, in the presence of the jury, regarding the results of the polygraph examination conducted on Fadumo Farah on September 29, 2010. In support thereof, defendant states the following:

1. The results of a polygraph examination are generally inadmissible at trial. Wolfel v. Holbrook, 823 F.2d 970, 973 (6th Cir.1987), *cert. denied,* 484 U.S. 1069, 108 S.Ct. 1035, 98 L.Ed.2d 999(1988); United States v. Barger, 931 F.2d 359, 370 (6th Cir.1991); United States v. Weiner, 988 F.2d 629 (6th Cir.1993), *cert. denied,* 510 U.S. 848, 114 S.Ct. 142, 126 L.Ed.2d 105 (1993). However, the Sixth Circuit has recognized that the court has some discretion as to whether to admit polygraph related evidence where "it is relevant to the proof developed by the probative evidence." Wolfel at 972. When determining whether to admit polygraph related evidence the court must administer a two prong test: 1) the trial court must

determine the relevance of the proffered evidence, and 2) the court must balance the probative value of the evidence against the danger of unfair prejudice. Wolfel at 972. In the instant case, the results of the examination are not relevant and would be unfairly prejudicial to the Accused.

2. Although the court has some discretion in whether to admit polygraph related evidence, in circumstances where there has not been a prior agreement waiving any objection to the admissibility of the results of the polygraph, it is "almost never admissible". Wolfel at 972; Conti v. C.I.R., 39 F.3d 658, 663 (6th Cir.1994), *cert. denied,* 514 U.S. 1082, 115 S.Ct. 1793, 131 L.Ed.2d 722 (1995). Such an agreement is necessary to ensure that a defendant who agrees to be polygraphed has sufficient adverse interest to create the probative value to the test result required to satisfy the Federal Rules of Evidence. Id. at 974–75. In the instant case, at the time of the polygraph examination, there was no agreement between the Government and the Defendant that the results would be presented at trial. Therefore, any such evidence has no probative value and should be excluded.

**WHEREFORE**, Premises considered, the accused moves this honorable court for the relief as stated herein as well as any general relief this Court deems necessary and proper.

Respectfully submitted,

BULLOCK, FLY, HORNSBY & EVANS


/s/ Luke A. Evans
LUKE A. EVANS, BPR #23620
Attorney for Defendant
302 North Spring Street
P. O. Box 398
Murfreesboro, TN 37133-0398
(615) 896-4154

Certificate of Service

      I hereby certify that on January 23, 2012, I electronically filed the foregoing Motion with the clerk of the court by using the CM/ECF system, which will send a Notice of Electronic Filing to the following: **Van Vincent**, Assistant United States Attorney, 110 Ninth Avenue South, Suite A-961, Nashville, Tennessee 37203; along with the other parties in this case as listed to be noticed in the CM/ECF system.

                                        /s/ *Luke A. Evans*
                                        LUKE A. EVANS