UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | NO. 3:10-cr-00260 |
| | ) | |
| v. | ) | JUDGE HAYNES |
| | ) | |
| ABDIFITH JAMA ADAN, et al | ) | |

## MOTION *IN LIMINE* TO EXCLUDE PRIOR VICTIM WITNESS RAPE ACCUSATION

The United States of America, by and through the undersigned, hereby files this *motion in limine* seeking an order excluding Jane Doe One's (JD1) sexual assault allegations against third parties. Federal Rule of Criminal Procedure 412, the rape shield statue, as well as Sixth Circuit precedent, bars defendants from testing a victim witness' general credibility through the use of the victim witness's sexual assault allegations against third parties that the victim witness later withdraws. On November 19, 2007, JD1 reported to her social worker that her uncle had sexually assaulted her. Several months later, JD1 withdrew her allegation. To the extent that any Defendant seeks to use JD1's prior allegations to attack her general credibility, such tactis are proscribed.

The Sixth Amendment guarantees a criminal defendant the right to confront witnesses against him. See Davis v. Alaska, 415 U.S. 308, 315-16 (1974); Mayes v. Sowders, 621 F.2d 850, 855 (6th Cir. 1980). However, a trial court has the discretion to limit the scope of cross-examination based on concerns about "harassment, prejudice, confusion of the issues, witness

1

safety, or interrogation that is repetitive or only marginally relevant." See King v. Trippett,192 F.3d 517, 524 (6th Cir. 1999) (citing Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986)). In this way, the Confrontation Clause "guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." Delaware v. Fensterer, 474 U.S. 15, 20, 106 S.Ct. 292 (1985).

The recognition of cross-examination limitations is never more true than in cases involving sexual misconduct. Federal Rule of Criminal Procedure 412 limits the admissibility of evidence of a rape victim's past sexual behavior to three situations: when constitutionally required, when relevant and more probative than prejudicial on the source of semen or injury, and when relevant and more probative than prejudicial on the issue of consent. Fed. Rule Evid. 412; see United States v. Cardinal, 782 F.2d 34 (6th Cir. 1986). A victim witness's other allegations of sexual assault do not fall within Rule 412's exceptions.

The Sixth Circuit has explicitly held that Rule 412 prohibits the defense from cross examining a victim witness with the victim witness' other allegations of sexual assault that the witness later withdrew. United States v. Cardinal, 782 F.2d 34, 35-6 (6th Cir. 1986). In Cardinal, defendant argued that the victim witness's sexual assault allegations against other family members, that the victim later withdrew, should be used to test the victim witness's credibility. The Sixth Circuit rejected defendant's argument. Instead, the Sixth Circuit recognized the policy considerations underlying Rule 412 and stated, Rule 412's "'principal purpose ... is to protect rape victims from the degrading and embarrassing disclosure of intimate details about their private lives." (Id. citing 124 Cong.Rec.H. 11944 (daily ed. Oct. 10, 1978) (statement of Rep. Mann)).

In addition, the Sixth Circuit has also recognized that the Confrontation Clause does not permit a defendant from using a victim witness's other allegations of sexual assault to be used to generally attack the victim witness's credibility. Boggs v. Collins, 226 F.3d 728, 737-738 (6th Cir. 2000) (finding cross-examination constitutionally compelled when it reveals witness bias or prejudice, but not when it is aimed solely to diminish a witness's general credibility); accord Vasquez v. Jones, 496 F.3d 564, 574 (6th Cir. 2007).

Here, JD1's prior accusations of sexual assault do not fall with in any exception under Rule 412. Moreover, both Cardinal and Boggs prohibit the use of JD1's prior allegations of rape, particularly those against her uncle, to be used to attack JD1's general credibility. Accordingly, the Government requests an order excluding any use of JD1's allegations of sexual assault against third parties to attack her credibility generally.

CERTIFICATE OF SERVICE

I, hereby certify that a true copy of the forgoing was sent via the Court's electronic filing system or, if not registered, deposited in the United States mail to the following on this 4TH day of February 2012.

**s/Blanche Cook**
BLANCHE COOK
Assistant United States Attorney

| | |
|---|---|
| Abdifitah Jama Adan (1)<br>John P. Cauley<br>414 Bridge Street<br>Franklin, TN 37064<br>(615) 790-2426<br>(615) 261-7070 (fax)<br>john@johncauley.com | Abdifatah Bashir Jama (16)<br>Joseph F. Edwards<br>1957 Benson Road<br>Cookeville, TN 38506<br>(931) 537-9154<br>jedwardsjd@frontiernet.net |
| Abdullahi Sade Afyare (2)<br>James A. Simmons<br>Hazel Path Mansion<br>105 Hazel Path<br>Hendersonville, TN 37075<br>(615) 824-9131<br>jas52@earthlink.net | Andrew Kayachith (17)<br>John E. Nicoll<br>Law Office of Nicoll & Nicoll<br>313 S Ramsey Street<br>Manchester, TN 37355<br>(931) 723-7885<br>john.nicoll@nicoll-law.com |
| Ahmad Abnulnasir Ahmad (3)<br>Thomas J. Drake, Jr.<br>405 1/2 31st Avenue North, Suite B<br>Nashville, TN 37209<br>(615) 320-1717<br>(615) 320-1718 (fax)<br>drakecourt@att.net | Abdigadir Ahmed Khalif (18)<br>FUGITIVE - UNKNOWN LOCATION |
| Yahya Jamal Ahmed (4)<br>James William Price, Jr.<br>Price, Hill & Kolarich<br>201 Fourth Avenue, N, Suite 1800<br>Nashville, TN 37219<br>(615) 244-5772<br>jprice@pricehillkolarich.com | Bashir Yasin Mohamud (19)<br>Bob Lynch, Jr.<br>222 Second Avenue, N, Suite 316<br>Nashville, TN 37201<br>(615) 255-2888<br>tdooley2@bellsouth.net |

4

| | |
|---|---|
| Abdikarim Osman Ali (5)<br>(Defendant)<br>Fugitive - IN UAE | Mustafa Ahmed Mohamed (20)<br>Clayton M. Whittaker<br>Mack & Wittaker<br>846 Oak Street<br>Chattanooga, TN 37403<br>(423) 265-4736<br>(423) 265-4815 (fax) |
| Hassan Ahmed Dahir (7)<br>Patrick T. McNally<br>Weatherly, McNally & Dixon, PLC<br>Fifth Third Center<br>424 Church Street, Suite 2260<br>Nashville, TN 37219<br>(615) 986-3377<br>(615) 635-0018 (fax)<br>pmcnally@wmdlawgroup.com | Abdifatah Sharif Omar (22)<br>Peter J. Strianse<br>Tune, Entrekin & White<br>AmSouth Center<br>315 Deaderick Street<br>Suite 1700<br>Nashville, TN 37238<br>(615) 244-2770<br>pstrianse@tewlawfirm.com |
| Fadumo Mohamed Farah (8)<br>Luke A. Evans<br>Bullock, Fly, Hornsby & Evans<br>P. O. Box 398<br>Murfreesboro, TN 37133<br>(615) 896-4154<br>bfhlaw@gmail.com | Liban Sharif Omar (23)<br>Gary R. Wolf<br>Commerce at the Crossing<br>Suite 205<br>250 Second Avenue South<br>Minneapolis, MN 55401<br>(612) 333-6000 |
| Idris Ibrahim Fahra (9)<br>Jennifer L. Thompson<br>715 Crescent Road<br>Nashville, TN 37205<br>(615) 320-4344<br>(615) 320-4159 (fax)<br>nashvilleattorney@gmail.com | Mohamed Sharif Omar (24)<br>Erik Herbert<br>117 Union Street<br>Nashville, TN 37201<br>615-256-6009<br>(615) 259-2666 (fax)<br>erikherbert@bellsouth.net |
| Yasin Ahmed Farah (10)<br>Roger N. Taylor<br>Taylor & Schechter, P.C.<br>305 14th Avenue, N<br>Nashville, TN 37203<br>(615) 320-5577<br>(615) 320-5597 (fax)<br>bo.taylor@305lawoffice.com | Hamdi Ali Osman (25)<br>Jonathan E. Richardson<br>Attorney at Law<br>Quorum Financial Center<br>4121 Clarksville Pike, Suite 7<br>Nashville, TN 37218<br>(6115) 891-7811<br>jrichardson@Jrichlaw.com |

| | |
|---|---|
| Abdullahi Hashi (11)<br>David L. Cooper<br>Law Office of David L. Cooper, P. C.<br>208 Third Avenue, N, Suite 300<br>Nashville, TN 37201<br>(615) 256-1008<br>dcooper@cooperlawfirm.com | Haji Osman Salad (26)<br>Patrick G. Frogge<br>Bell, Tennent & Frogge, PLLC<br>Bank of America Plaza<br>414 Union Street, Suite 904<br>Nashville, TN 37219<br>(615) 244-1110<br>(615) 244-1114 (fax)<br>patrick@btflaw.com |
| Fatah Hashi (12)<br>John G. Oliva<br>1308 Rosa L. Parks Blvd<br>Nashville, TN 37208<br>(615) 254-0202<br>jgoliva@comcast.net | Bibi Ahmed Said (27)<br>Michael David Noel<br>5115 Maryland Way<br>Brentwood, TN 37027<br>(615) 373-5597<br>mdnoel02@bellsouth.net |
| Abdirahman Abdirazak Hersi (13)<br>Hershell D. Koger<br>135 N First Street<br>P O Box 1148<br>Pulaski, TN 38478-1148<br>(931) 424-0882<br>kogerlaw@hotmail.com | Ahmed Aweys Sheik (28)<br>B.F. Jack Lowery<br>Lowery & Lowery<br>150 Public Square<br>Lebanon, TN 37087<br>(615) 444-7222<br>jdlowery@lowerylaw.com |
| Muhiyadin Hussein Hassan (14)<br>Charles D. Buckholts<br>2400 Crestmoor Road<br>Nashville, TN 37215<br>(615) 386-7118<br>(615) 232-3841 (fax)<br>chuck@buckholtslaw.com | Yassin Abdirahman Yusuf (29)<br>David I. Komisar<br>211 Printer's Alley Building, Suite 400<br>Nashville, TN 37201-1414<br>(615) 242-2675<br>david.komisar@prodigy.net |
| Dahir Nor Ibrahim (15)<br>Jerry Gonzalez<br>Jerry Gonzalez, PLC<br>2441-Q Old Fort Parkway, Box 381<br>Murfreesboro, TN 37128<br>(615) 360-6060<br>(615) 360-3333 (fax)<br>jgonzalez@jglaw.net | Mohamed Ahmed Amalle (30)<br>R. Lance Miller<br>Lance Miller Law LLC<br>212 Madison Street, Suite 101A<br>Clarksville, TN 37040<br>(931)802-6180<br>(931)551-5331 Cell<br>lance@lancemillerlaw.com |