IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) Case No. 3:10-cr-00260-8 |
| v. | ) William J. Haynes |
| | ) Federal District Judge |
| | ) |
| FADUMO MOHAMED FARAH. | ) |

*[Handwritten margin note: Denied unless circumstances as in U.S. v. Odom, 13 F.3d 949, 957 (6th Cir. 1994), this motion is GRANTED. [signature] 2-13-12]*

MOTION IN LIMINE TO EXCLUDE ANY REFERENCE TO RESULTS OF POLYGRAPH EXAMINATION

Comes now the accused, through her appointed Counsel, and would move this Honorable Court, pursuant to Rules 401, 402 and 403 of the Federal Rules of Evidence, to issue an order prohibiting the Government from mentioning and/or eliciting testimony from any witness, in the presence of the jury, regarding the results of the polygraph examination conducted on Fadumo Farah on September 29, 2010. In support thereof, defendant states the following:

1. The results of a polygraph examination are generally inadmissible at trial. Wolfel v. Holbrook, 823 F.2d 970, 973 (6th Cir.1987), *cert. denied*, 484 U.S. 1069, 108 S.Ct. 1035, 98 L.Ed.2d 999(1988); United States v. Barger, 931 F.2d 359, 370 (6th Cir.1991); United States v. Weiner, 988 F.2d 629 (6th Cir.1993), *cert. denied*, 510 U.S. 848, 114 S.Ct. 142, 126 L.Ed.2d 105 (1993). However, the Sixth Circuit has recognized that the court has some discretion as to whether to admit polygraph related evidence where "it is relevant to the proof developed by the probative evidence." Wolfel at 972. When determining whether to admit polygraph related evidence the court must administer a two prong test: 1) the trial court must