IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATE OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 3:10-00260 JUDGE HAYNES |
| FADUMO MOHAMED FARAH MOHAMED SHARIF OMAR, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM

This Memorandum addresses the Defendant Mohamed Sharif Omar's motion to reconsider the Order for his detention (Docket Entry No. 1067) and Defendant Fadumo Mohamed Farah's motion to suppress prior and in-court identification of her by Jane Doe One. (Docket Entry No. 1231). Both motions involve Jane Doe One's photographic identification of these Defendants who argue that these photographic displays were unduly suggestive and prejudicial. Defendant Omar also alleges that the government agents misrepresented Jane Doe One's mistaken identification of him before the grand jury. The Court set an evidentiary hearing at which the parties submitted proof. Although the Government requested Abditatah Bashir Jama to join the hearing on these motions, Jama did not file a motion to suppress and his counsel did not participate at the evidentiary hearing. Thus, the Court's Order is limited to the motions filed by Farah and Omar.

### 1. Showups of Defendant Omar's Photographs.

The core issue on Defendant Omar's motion is the series of single photographic showups

by Heather Weyker, a St. Paul, Minnesota police officer. At different times, Weyker interviewed Jane Doe 1 and showed her photographs of several suspects in the conspiracies and offenses at issue in this action. On April 19, 2010, Weyker showed Jane Doe One photograph no.1341 that was a 2009 Minnesota driver's license photograph of Defendant Omar who is alleged to have been with Jane Doe in Ohio and exploited her for commercial sex acts. (Docket Entry No. 1285, Exhibit A at 10; Exhibit F at 10). Jane Doe One was upset and stated that the person in the photograph "looked familiar" and that she "had seen him around and wasn't sure," and marked "DK" for "Don't Know" on the back of photograph 1341. Id., Exhibit A at 10; Docket Entry No. 1067-3.

On April 20, 2010 Weyker showed photograph no. 1455, a photograph of Omar taken in 2006 from the Hennepin County Sheriff's Department, to Jane Doe One who had an emotional reaction and referred to the photograph as someone she saw in Ohio. (Docket Entry No. 1285-4). Jane Doe One stated that she was 80% sure that the person on the photograph was "Cash Money." (Docket Entry No. 1067-6). On April 21, 2010, Jane Doe One testified before the Grand Jury that she was "80%" sure that photograph 79 (i.e., 1455) was "Cash Money." (Docket Entry No. 1285-5). On April 21, 2010, before the Grand Jury, Weyker testified that Jane Doe One referred to photograph 1455 as "Cash Money." Weyker first testified that Jane Doe One was "80%" sure that photograph 1455 was "Cash Money," but later testified that Jane Doe One was 100% sure. (Docket Entry No. 1285, Exhibit F, at 9-11, 13).

On June 24, 2010 Jane Doe One identified photograph 1455 as "Moe D," the nickname for Defendant Omar. The nickname "Cash Money" that Jane Doe One used in her earlier identifications of these photographs belongs to defendant Abdifatah Bashir Jama . This change in

Jane Doe One's identification from "Cash Money" to "Moe D" is not in Weyker's report of the June 24th showup. There are serious issues about Weyker's June 30, 2010 testimony before the Grand Jury about Jane Doe One's identification of photograph 1455 as "Moe D."[1] On a related matter, an affidavit for search warrant recited that on April 19, 2010 Jane Doe One identified photograph 1455 as "Moe D," for an August 23, 2010 search warrant. The Court does not deem resolution of these latter issues necessary to decide the reconsideration of the detention Order.

As to Defendant Omar's motion for reconsideration, the detention Order for Defendant Omar involves a regulatory issue to protect the safety of the minor victims. As announced at the conclusion of the hearing, the Court deemed Jane Doe One's emotional reaction to the photograph of Omar determinative. Given the nature of the underlying conduct and Jane Doe One's reported expressions of concern for her and her family's safety sufficient, the Court deems this proof sufficient to persuade the Court to affirm its earlier Order for Omar's continued detention. Thus, the motion to reconsider should be granted, but the Order of detention should be affirmed. As stated, Defendant Omar's proof at the detention raises serious issues, but the Court does not need to resolve those issues on a detention motion.

## 2. The Showup of Defendant Farah

On June 24, 2010, Weyker showed Jane Doe 1 six photographs of two women and four men. As pertinent here, Weyker first showed a photograph of a woman whom Jane Doe One could not identify, but after Jane Doe One's emotional reaction to photograph 1455, Weyker questioned Jane Doe One. Jane Doe One stated that a woman called "Naana," Somali for candy,

---

[1] According to Weyker, Jane Doe One told a social worker on April 21, 2010, that she was 100% sure that photograph 1455 was "Moe D." (Docket Entry No. 1285, Exhibit J, at 7-8).

was Cash Money's "main bitch" for his Nashville area prostitution business. Weyker then used her Blackberry to show Jane Doe One a photograph of the second woman to which Jane Doe One responded "Naana" This showup is challenged as unduly suggestive so as to warrant its exclusion at trial.

In <u>Manson v. Brathwaite</u>, 432 U.S. 98, 113 (1977), the Supreme Court declined a <u>per se</u> rule against police officer's use of suggestive identification methods to request an eyewitness's identification of a person. Instead, the Supreme Court articulated several factors to consider: "[T]he opportunity of the witness to view the criminal at the time of the crime, the witness degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation." <u>Id</u> at 114. In the Sixth Circuit, the district court is to conduct a two step inquiry: (1) was the identification request suggestive and (2) if so, was the witness's identification reliable under the totality of the circumstances. <u>United States v. Crozier</u>, 259 F.3d 503, 510 (6th Cir. 2001).

As to the suggestiveness issue, to show an eyewitness several pictures in one format and then the picture of a defendant in another format is a suggestive identification request. In <u>Crozier</u>, the Sixth Circuit found a showing of a color photograph of defendant and black and white photographs of other suspects to be suggestive. <u>Id</u>. <u>Crozier</u> also cited an Eleventh Circuit decision that use of such a contrast in photographs for identification was "impermissibly suggestive." <u>Id.</u> (citing <u>O'Brien v. Wainwright</u>, 738 F.2d 1139, 1140 (11th Cir. 1984)). The Court concludes that the same principle applies so that Weyker's use of a digital photograph showup of Farah and nondigital photographs of the other persons, that included only one woman, was unduly suggestive.

4

As to Manson factors, Jane Doe One encountered "Naana" during several weeks in Nashville where "Naana" coordinated the prostitution business in which Jane Doe One participated. "Naana" got into fights with Jane Doe One during Jane Doe 1's stay at "Naana"'s apartment in Nashville. Jane Doe One's identification of the person on Weyker's Blacberry appears to be immediate, but by that time, almost four or more years had passed since Jane Doe One's Nashville stay. The Government notes that Jane Doe One gave other relevant corroborative identifications, such as the area of the apartment and location of the apartment within the apartment complex. Under these circumstances, particularly the fight between Jane Doe One and Farah, the Court concludes that Jane Doe One's identification of Farah has sufficient characteristics of reliability to be admissible.

Thus, Defendant Fadumo Mohamed Farah's motion to suppress the prior and in-court identification of her by Jane Doe One. (Docket Entry No. 1231) should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the __15__ day of February, 2012.

_____
William J. Haynes, Jr.
United States District Judge

5

Case 3:10-cr-00260   Document 1392   Filed 02/15/12   Page 5 of 5 PageID #: 7654