UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:10-00260 |
| | ) | |
| | ) | JUDGE HAYNES |
| ABDIFATAH ADAN | ) | |

**GOVERNMENT'S MOTION IN LIMINE REGARDING LAY WITNESS TESTIMONY
ON AGE AND MOTION TO RECALL TEACHERS**

  Comes now, the United States, by and through the undersigned, and respectfully moves this Honorable Court for an order allowing the Government to present lay witness testimony regarding Jane Doe Two's (JD2) age and to recall its witnesses who are teachers. In support of its motion, the Government states the following:

  The law-of-the-case doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." ... A court has the power to revisit prior decisions of its own in any circumstance. <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 817, 108 S.Ct. 2166, 2178 (1988); <u>United States v. Todd</u>, 920 F.2d 399, 403 (6th Cir. 1990). The doctrine of the law of the case, therefore, does not foreclose a court from reconsidering issues in a case previously decided by the same court or another court. <u>Id</u>.

  Federal Rules of Evidence 701 allows a non-expert witness to express an opinion "rationally based on the perception of the witness" which is "helpful to ... the determination of a fact in issue." "The trial court has broad discretion to determine whether a lay witness is

qualified under Rule 701 to testify on a matter of opinion." United States v. Stanley, 896 F.2d 450, 452 (10th Cir. 1990) (citing United States v. Borrelli, 621 F.2d 1092, 1095 (10th Cir. 1980)).

In Yazzie, the Ninth Circuit Court of Appeals analyzed Rule 701 and reversed a district court's exclusion of lay testimony regarding age in a Title 18, United States, Code Section 2243 prosecution. United States v. Yazzie, 976 F.2d 1252, 1255–56 (9th Cir.1992). The Ninth Circuit provided five reasons why the evidence was admissible. Id. First, "the jurors could not themselves assess how old the minor looked at the time of the incident." Id. at 1255. Second, "it is ... difficult to put into words why one believes that a person is one age and not the other," as "one's reasons for concluding that a person is a particular age are both too complex and too indefinable to set out fully." Id. at 1255–56. Third, "a witness may not know, let alone be able to report precisely, what factors induced his or her conclusion," so "the fact that the witness reached the conclusion is the important part of the testimony, not the largely undeterminable or inexplicable reasons that prompted the conclusion." Id. at 1256. Fourth, "age is a matter on which everyone has an opinion," and "[i]t is therefore particularly appropriate for a lay witness to express an opinion on the subject." Fifth, "the witnesses' opinions were especially appropriate" in a § 2243 prosecution where the defendant asserts a mistake-of-age defense, because "[i]t is relevant that others having a similar opportunity to observe the minor formed an opinion as to her age that was similar to the opinion the defendant claimed to have formed." Id. "Their testimony goes both to [the defendant]'s credibility and to the reasonableness of his belief." Id. All of these considerations, which supported reversal in Yazzie, support a court order allowing the Government to recall its witnesses who can offer testimony regarding JD2's sage. See also United States v. Fourstar, 87 Fed.Appx. 62, 64-65 (9th Cir. 2004) (stating officer's "statement

regarding the complainant's maturity was rationally based on her perception and was helpful to the jury in forming a clearer understanding of the complainant's credibility and veracity. Moreover, [officer] did not offer impermissible "specialized" or "scientific" testimony; her testimony referred to a lay perception of maturity that people speak to everyday").

In Stanley, a United States Postal Inspector, testifying on behalf of the government, stated that he had specialized in the investigation of prohibited mailings such as child pornography since 1979. United States v. Stanley, 896 F.2d 450, 452 (10th Cir. 1990). Over defense counsel's objection, the court allowed the Inspector to testify that, in his opinion, several of the children depicted in sexually explicit conduct were under the age of eighteen. Dismissing the defendant's objection that the pictures "spoke for themselves" and the jury was as able to judge the age of the persons depicted, the Tenth Circuit held that the testimony was helpful to the jury in determining the age of the subjects, particularly where the age of the subjects was a fact in issue. Id; see also United States v. Mellies, 329 Fed.Appx. 592, *16 (6th Cir. 2009)(in a child pornograpy case, "[w]hether individuals with obviously prepubescent physical features are minors is not the type of "scientific, technical, or other specialized knowledge" requiring expert testimony as contemplated by Rule 702 of the Federal Rules of Evidence")(citing United States v. Fuller, 77 Fed.Appx. 371, 380 (6th Cir.2003) (unpublished) (holding that lay witness's opinion that the images "appeared to be" live human beings was sufficient to support the jury's finding that the pornographic images were produced using actual minors)).

Here, JD2's age is an element of proof in the case. Evidence regarding her age throughout her life is relevant in proving her age, for example the perceptions of her teachers throughout her schooling. As the Yazzie court recognized, proof regarding JD2's age, from her teachers and

other person's that knew her, does not require expert testimony and is rationally based on the perceptions of those that knew her. As such, it is permissible proof of her age. In addition, testimony about JD2's yearbook photos is admissible because her age is an ongoing issue, not merely limited to the time of the conspiracy. For example, her Third Grade Teacher can testify that she was appropriately placed in her class and/or that her teacher never took any action to have JD2 re-valuated because the teacher believed that JD2 was inappropriately placed. If JD2 were four years older than her colleagues in the third grade, her teachers are the very people who had the opportunity to observe her on a regular basis and can comment on her age range. Such testimony does not require expert reasoning, but rather mere personal observation.

For all the reasons stated above, the Government moves the Court for an order allowing lay testimony regarding JD2's age and to recall its witnesses regarding the same.

Respectfully submitted,

JERRY E. MARTIN
United States Attorney for the
Middle District of Tennessee


 s/Blanche Cook
Blanche B. Cook
Assistant United States Attorney
110 Ninth Avenue S., Suite A-961
Nashville, Tennessee 37203-3870
Telephone: 615/736-5151

-4-

Case 3:10-cr-00260   Document 2312   Filed 04/15/12   Page 4 of 9 PageID #: 12300

CERTIFICATE OF SERVICE

    I, hereby certify that a true copy of the forgoing was sent via the Court's electronic filing system or, if not registered, deposited in the United States mail to the following on this 15th day of April, 2012.

                                      **s/Blanche B. Cook**
                                      BLANCHE COOK
                                      Assistant United States Attorney

| | |
|---|---|
| Abdifitah Jama Adan (1)<br>John P. Cauley<br>414 Bridge Street<br>Franklin, TN 37064<br>(615) 790-2426<br>(615) 261-7070 (fax)<br>john@johncauley.com | Abdifatah Bashir Jama (16)<br>Joseph F. Edwards<br>1957 Benson Road<br>Cookeville, TN 38506<br>(931) 537-9154<br>jedwardsjd@frontiernet.net |
| Abdullahi Sade Afyare (2)<br>James A. Simmons<br>Hazel Path Mansion<br>105 Hazel Path<br>Hendersonville, TN 37075<br>(615) 824-9131<br>jas52@earthlink.net | Andrew Kayachith (17)<br>John E. Nicoll<br>Law Office of Nicoll & Nicoll<br>313 S Ramsey Street<br>Manchester, TN 37355<br>(931) 723-7885<br>john.nicoll@nicoll-law.com |
| Ahmad Abnulnasir Ahmad (3)<br>Thomas J. Drake, Jr.<br>405 ½ 31st Avenue North, Suite B<br>Nashville, TN 37209<br>(615) 320-1717<br>(615) 320-1718 (fax)<br>drakecourt@att.net | Abdigadir Ahmed Khalif (18)<br>FUGITIVE - UNKNOWN LOCATION |
| Yahya Jamal Ahmed (4)<br>James William Price, Jr.<br>Price, Hill & Kolarich<br>201 Fourth Avenue, N, Suite 1800<br>Nashville, TN 37219<br>(615) 244-5772<br>jprice@pricehillkolarich.com | Bashir Yasin Mohamud (19)<br>Bob Lynch, Jr.<br>222 Second Avenue, N, Suite 316<br>Nashville, TN 37201<br>(615) 255-2888<br>tdooley2@bellsouth.net |

| | |
|---|---|
| Abdikarim Osman Ali (5)<br>(Defendant)<br>Fugitive - IN UAE | Mustafa Ahmed Mohamed (20)<br>Clayton M. Whittaker<br>Mack & Wittaker<br>846 Oak Street<br>Chattanooga, TN 37403<br>(423) 265-4736<br>(423) 265-4815 (fax) |
| Musse Ahmed Ali (6)<br>Paul Bruno<br>Law Office of Paul J. Bruno<br>Bank of America Plaza<br>414 Union Street, STE 904<br>Nashville, TN 37219 | Barry R. Tidwell (21)<br>Price & Tidwell, LLC<br>218 W Main Street<br>Murfreesboro, TN 37130<br>(615) 893-1239<br>Email: btidwell@priceandtidwell.com |
| Hassan Ahmed Dahir (7)<br>Patrick T. McNally<br>Weatherly, McNally & Dixon, PLC<br>Fifth Third Center<br>424 Church Street, Suite 2260<br>Nashville, TN 37219<br>(615) 986-3377<br>(615) 635-0018 (fax)<br>pmcnally@wmdlawgroup.com | Abdifatah Sharif Omar (22)<br>Peter J. Strianse<br>Tune, Entrekin & White<br>AmSouth Center<br>315 Deaderick Street<br>Suite 1700<br>Nashville, TN 37238<br>(615) 244-2770<br>pstrianse@tewlawfirm.com |
| Fadumo Mohamed Farah (8)<br>Luke A. Evans<br>Bullock, Fly, Hornsby & Evans<br>P. O. Box 398<br>Murfreesboro, TN 37133<br>(615) 896-4154<br>bfhlaw@gmail.com | Liban Sharif Omar (23)<br>Gary R. Wolf<br>Commerce at the Crossing<br>Suite 205<br>250 Second Avenue South<br>Minneapolis, MN 55401<br>(612) 333-6000 |
| Idris Ibrahim Fahra (9)<br>Jennifer L. Thompson<br>715 Crescent Road<br>Nashville, TN 37205<br>(615) 320-4344<br>(615) 320-4159 (fax)<br>nashvilleattorney@gmail.com | Mohamed Sharif Omar (24)<br>Erik Herbert<br>117 Union Street<br>Nashville, TN 37201<br>615-256-6009<br>(615) 259-2666 (fax)<br>erikherbert@bellsouth.net |

| | |
|---|---|
| Yasin Ahmed Farah (10)<br>Roger N. Taylor<br>Taylor & Schechter, P.C.<br>305 14th Avenue, N<br>Nashville, TN 37203<br>(615) 320-5577<br>(615) 320-5597 (fax)<br>bo.taylor@305lawoffice.com | Hamdi Ali Osman (25)<br>Jonathan E. Richardson<br>Attorney at Law<br>Quorum Financial Center<br>4121 Clarksville Pike, Suite 7<br>Nashville, TN 37218<br>(6115) 891-7811<br>jrichardson@Jrichlaw.com<br><br>Deanna Bell Johnson<br>P. O. Box 2494<br>Brentwood, TN 37027<br>(615) 403-6622<br>djlawnashville@yahoo.com |
| Abdullahi Hashi (11)<br>David L. Cooper<br>Law Office of David L. Cooper, P. C.<br>208 Third Avenue, N, Suite 300<br>Nashville, TN 37201<br>(615) 256-1008<br>dcooper@cooperlawfirm.com | Haji Osman Salad (26)<br>Patrick G. Frogge<br>Bell, Tennent & Frogge, PLLC<br>Bank of America Plaza<br>414 Union Street, Suite 904<br>Nashville, TN 37219<br>(615) 244-1110<br>(615) 244-1114 (fax)<br>patrick@btflaw.com |
| Fatah Hashi (12)<br>John G. Oliva<br>1308 Rosa L. Parks Blvd<br>Nashville, TN 37208<br>(615) 254-0202<br>jgoliva@comcast.net | Bibi Ahmed Said (27)<br>Michael David Noel<br>5115 Maryland Way<br>Brentwood, TN 37027<br>(615) 373-5597<br>mdnoel02@bellsouth.net |
| Abdirahman Abdirazak Hersi (13)<br>Hershell D. Koger<br>135 N First Street<br>P O Box 1148<br>Pulaski, TN 38478-1148<br>(931) 424-0882<br>kogerlaw@hotmail.com | Ahmed Aweys Sheik (28)<br>B.F. Jack Lowery<br>Lowery & Lowery<br>150 Public Square<br>Lebanon, TN 37087<br>(615) 444-7222<br>jdlowery@lowerylaw.com |
| Muhiyadin Hussein Hassan (14)<br>Charles D. Buckholts<br>2400 Crestmoor Road | Yassin Abdirahman Yusuf (29)<br>David I. Komisar<br>211 Printer's Alley Building, Suite 400 |

| | |
|---|---|
| Nashville, TN 37215<br>(615) 386-7118<br>(615) 232-3841 (fax)<br>chuck@buckholtslaw.com | Nashville, TN 37201-1414<br>(615) 242-2675<br>david.komisar@prodigy.net |

-8-

| | |
|---|---|
| Dahir Nor Ibrahim (15)<br>Jerry Gonzalez<br>Jerry Gonzalez, PLC<br>2441-Q Old Fort Parkway, Box 381<br>Murfreesboro, TN 37128<br>(615) 360-6060<br>(615) 360-3333 (fax)<br>jgonzalez@jglaw.net<br><br>Matthew M. Maddox<br>19695 East Main Street<br>P. O. Box 827<br>Huntingdon, TN 38344<br>(731) 986-4896<br>Fax: (731) 986-4896<br>Email: maddoxfedfile@bellsouth.net | Mohamed Ahmed Amalle (30)<br>R. Lance Miller<br>Lance Miller Law LLC<br>212 Madison Street, Suite 101A<br>Clarksville, TN 37040<br>(931)802-6180<br>(931)551-5331 Cell<br>lance@lancemillerlaw.com |